**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MICHAEL COLE,

                    Plaintiff,               **MEMORANDUM AND ORDER**

     - against -

                                           09-CV-3395 (RRM) (JO)

CORRECTION OFFICER RICHARDSON, et al.,

                    Defendants.
-------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      A.     <u>Plaintiff's Motion for Sanctions</u>

      In a letter dated June 8, 2010, plaintiff Michael Cole ("Cole") asked me to compel the defendants to disclose certain records. Docket Entry ("DE") 15. The defendants' counsel did not respond within four days as required. *See* Loc. Civ. R. 37.3(c). Eventually, at my direction, *see* Order dated June 15, 2010, the defendants' counsel did respond by promising to produce responsive materials (with appropriate redactions) no later than June 22, 2010. DE 16 at 1. I therefore denied the plaintiff's motion to compel as moot. Order dated June 21, 2010.

      Cole now complains that the defendants' response ignored several of his outstanding discovery requests – specifically, witness statements, a photograph of Cole taken by medical staff at his correctional facility, a certain log book, as well as other unspecified items – and that the defendants did not fully comply with their commitment to provide the records they did mention in their response. DE 17 at 2-3. As a result, Cole asks that I impose certain monetary sanctions on the defendants. *Id.* at 3-4. Once again, the defendants have failed to file a timely response as required.

      I decline to impose monetary sanctions. However, I order the defendants to show cause in writing no later than July 14, 2010, why I should not either order them to produce all

information responsive to all outstanding discovery requests within one week or, alternatively, impose an appropriate discovery sanction pursuant to Federal Rule of Civil Procedure 37.

B. Motion to Appoint Counsel

In a separate filing, Cole requests that I appoint counsel to represent him. DE 18. Because Cole has been permitted to proceed *in forma pauperis*, the court has discretion to grant his request for pro bono representation. *See* 28 U.S.C. § 1915(e)(1). In considering such a request, a court should first determine whether the indigent party's claim appears to have substance, and if it does, it should then consider

> (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Dunster v. Fed. Bureau of Prisons*, 2010 WL 2695046, at *2 (E.D.N.Y. June 30, 2010) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).

Applying this standard, I decline to appoint counsel. Assuming for purposes of the analysis that Cole's claim has substance, I conclude that the remaining factors do not favor appointment of pro bono counsel. First, Cole has sufficient ability to investigate the facts by obtaining discovery from the defendants – or alternatively to establish facts in his favor by seeking appropriate evidentiary sanctions in the event the defendants ignore their discovery obligations. With respect to the second, third, and fourth factors, I conclude that, notwithstanding Cole's assertion of complexity, the subject matter of Cole's complaint is simple enough that Cole can adequately vindicate his interests even without counsel. The crux of Cole's complaint is that a corrections officer unjustifiably struck his face; to the extent that assertion is

2

in dispute, Cole can present his side of the story, and challenge the defendants' version of events, without any legal expertise. Finally, Cole does not identify, and I cannot discern, any special reason why the appointment of counsel would increase the likelihood of a just determination. I therefore deny the motion to appoint counsel.

    C.    Other Matters

        1.    Correspondence

In responding to Cole's earlier motion to compel, the defendants' counsel took it upon himself to chide Cole for filing a request for relief with the court without providing a copy to himself and to direct Cole to "provide [counsel] with a copy of all future correspondence [he may] submit to the Court in this case." DE 16 at 1 & n.1. While Cole should of course provide copies of his submissions to opposing counsel, I note that his failure to do so does not relieve counsel of the obligation to be aware of and respond in a timely fashion to filings in this case. The defendants' counsel receives immediate electronic notification of all docket entries in this action; regardless of whether Cole also provides such notification, I expect counsel to respond promptly. His continued failure to do so may compromise his clients' interests in this litigation.

        2.    Settlement

On June 1, 2010, the defendants' counsel asked me to "order the Superintendant [sic] or other official in charge of Southport Correctional Facility [to] produce the plaintiff for a telephone conference with [counsel] ... so that the parties may discuss settlement." DE 14. I denied the order without prejudice to renewal upon a showing that this court is empowered to order a state prison to produce a prisoner for a private telephone conversation with an adverse party. Order dated June 2, 2010. The defendants have not renewed their request. Although I

remain unable to identify any authority that would empower me to grant the defendants' earlier request, I can order the responsible official to produce Cole (in person or by telephone) for a settlement conference with the court. I will schedule such a conference if the parties unanimously consent to it, and I direct each party to advise me in writing no later than July 26, 2010, whether it is willing to have me do so.

D.  Conclusion

For the reasons set forth above, (1) I deny the plaintiff's motion for monetary sanctions but order the defendants to show cause in writing no later than July 14, 2010, why I should not either order them to produce all information responsive to all outstanding discovery requests within one week or, alternatively, impose an appropriate discovery sanction pursuant to Federal Rule of Civil Procedure 37; (2) I deny the plaintiff's motion to appoint counsel; and (3) I direct each party to advise me in writing no later than July 26, 2010, whether it is willing to have me schedule a settlement conference. I direct the defendants' counsel immediately to provide a copy of this order to the plaintiff.

**SO ORDERED.**

Dated: Brooklyn, New York
       July 12, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge